# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

DONNA OSBORNE MCKENZIE     *     CIVIL ACTION NO. 11-1604

VERSUS     *     JUDGE ROBERT G. JAMES

EOG RESOURCES, INC., ET AL.     *     MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19 [doc. # 33] filed by remaining defendant, EOG Resources, Inc. ("EOG").  For reasons stated below, it is recommended that the motion to dismiss be DENIED, and, instead, that this matter be REMANDED to the Superior Court for the County of San Bernardino, State of California.

## Procedural History

Donna Osborne McKenzie, acting pro se, filed the instant suit on or about June 14, 2011, in the Superior Court for the County of San Bernardino, State of California.  Made defendants were EOG and Mark G. Papa, EOG's Chief Executive Officer and Chairman of the Board. McKenzie alleges that she shares in an undivided mineral interest on 28.33 acres of land that she owns in Jackson Parish, Louisiana.  (Petition, ¶ 2).  She further contends that EOG operates several gas wells on her property, but that the company has not paid her mineral interest revenue on the gas production.  *Id*.  McKenzie seeks recovery against EOG for double the amount of the unpaid production payments or royalties in accordance with Louisiana law, Louisiana Revised

Statute 31:212.21, *et seq*.  *Id*. at ¶¶ 5-6.

On July 13, 2011, defendants removed this matter to the United States District Court for the Central District of California on the sole basis of federal diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal, ¶ 1).[1]  On July 20, 2011, EOG filed a hybrid motion to transfer for improper venue and to dismiss for failure to join indispensable parties.  [doc. # 7].  That same day, co-defendant, Mark G. Papa, filed a hybrid motion to dismiss for lack of personal jurisdiction and/or for failure to state a claim upon which relief can be granted.  [doc. # 10].  As in McKenzie's prior suit, the California court granted the motion to transfer and forwarded the case to this court.  (Aug. 29, 2011, Order Granting Motion to Transfer Venue [doc. # 22]).  In so doing, the transferor court declined to rule on the motion to dismiss.  *Id*.  On December 15, 2011, this court granted Papa's motion to dismiss for lack of personal jurisdiction, and dismissed him from the suit.  *See* December 15, 2011, Judgment [doc. # 32].

On January 20, 2012, remaining defendant, EOG, filed the instant motion to dismiss for failure to join indispensable parties pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.  Specifically, EOG contends that plaintiff's siblings, Johnny Osborne, Alverne Osborne Barnes, and Linda Osborne Woods, are indispensable parties to this action.   On February 6, 2012, plaintiff filed an "objection" to the motion, consisting of correspondence that she previously sent to EOG wherein which she disputed the amount of royalties that EOG reported on a 1099 Miscellaneous Income form issued to McKenzie for the 2011 tax year.  *See* doc. # 35.  The matter is now ripe.

---

[1]  There is considerable overlap between this suit and a prior suit filed by McKenzie against the same defendants.  *See McKenzie v. EOG Resources, Inc.*, Civil Action No. 08-0308 (W.D. La.) ("*McKenzie I*").

2

**Analysis**

Resolution of a motion to dismiss for failure to join a party is a two-step inquiry:

> [f]irst a court must determine whether a party should be added under the requirements of Federal Rule of Civil Procedure 19(a); then the court must determine whether litigation can be properly pursued without the absent party under Federal Rule of Federal Procedure 19(b).  If the absent party should be joined under rule 19(a), but the suit cannot proceed without that party under the requirements of rule 19(b), the case must be dismissed.

*August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731 (5ᵗʰ Cir. June 22, 2005) (unpubl.) (citations omitted).

The party advocating joinder bears the initial burden to demonstrate that a missing party is necessary.  *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5ᵗʰ Cir. 2009) (citation omitted).  Once the movant presents facts to indicate that a "possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder."  *Id*.

In support of its pre-transfer motions, defendants adduced a July 19, 2011, declaration by Danielle Watson, a supervisor in EOG's Land Administration Department, in which she divided McKenzie's land holdings and mineral interests in Jackson Parish into three categories.  (Watson Decl.; [doc. # 9]).  The first category stems from plaintiff's sole ownership of the mineral interests in 5.04 acres of real property identified as Tract Nos. 76, 77, and 78 on the Vernon Field Lower Cotton Valley Reservoir A, Sand Unit G Survey Plat.  *Id*.  With respect to these tracts, however, plaintiff's claimed mineral interests are currently "in pay" status.  *Id*.  In fact, plaintiff cashed a check for $344,255 from EOG for her net working interest revenues previously withheld by EOG.  *Id*.  However, McKenzie has not cashed an additional $16,997 in checks tendered by EOG for her interest that has accrued since August 2010.  *Id*.

Plaintiff's second category of mineral interests stems from 8.5 acres of real property in

3

Tract No. 80, Sand Unit G.  (Watson Decl.).  Plaintiff's interest in this tract is subject to a dispute between the so-called "Osborne heirs" and the "Ford heirs" regarding a ½ interest in the land.  *Id*. To resolve this dispute, EOG filed a concursus petition in the 2nd Judicial District Court for the Parish of Jackson, State of Louisiana, wherein it deposited over $2.5 million into the court registry and named over 150 potential claimant-defendants.  *Id*., *EOG Resources, Inc. v. Hopkins, et al.*, Docket No. 32,080; Watson Decl., Exh. D.  McKenzie is a claimant-defendant in that proceeding, and has filed a responsive pleading.  *Id*., Exh. E.  Moreover, some claimant-defendants in the state concursus proceeding reside in California and Texas.  *Id*.

McKenzie's third category of land and mineral interests in Jackson Parish derives from her interest in 14.25 acres of land that she received from her siblings, Johnny Osborne and Alverne O. Barnes.  *Id*.  McKenzie contends that her siblings gave her a ½ interest of the ½ interest that Osborne and Barnes each received from their father's ½ interest in four tracts of land in Jackson Parish.  *See* Watson Decl.; *Osborne v. McKenzie*, 998 So.2d 137 (La. App. 2nd Cir. 2008), *writ denied*, 998 So.2d 726 (La. 2009).  However, according to Osborne, Barnes, and Linda Osborne Woods (another sibling), McKenzie received only a 1/4 interest in Osborne and Barnes' undivided ½ interest.  *See Osborne v. McKenzie, supra*.  Osborne, Barnes, and Woods eventually obtained a final judgment against McKenzie that reformed the donation to confirm that each of the four siblings owns an undivided 1/4 interest.  *See Osborne*, *supra*.

Despite the apparent finality of the Louisiana court's resolution of the ownership dispute between McKenzie and her siblings, McKenzie has made some statements in this proceeding suggesting that she is unwilling to accept the outcome of the state court litigation.  *See* Pl. M/Respond, pgs. 4-5 [doc. # 19].  EOG contends that because McKenzie refuses to accept the

4

state courts' disposition of the ownership issue amongst the Osborne siblings, EOG cannot release the disputed funds to *anyone* until title is fully and finally cleared.  (Watson Decl.). Apparently, so long as McKenzie continues to dispute the division of ownership with her siblings, EOG fears that it risks "being held responsible to make double payments if it guesses wrong about who actually owns those interests." *Id.*

In response to EOG's showing, plaintiff has not offered any evidence, argument, or clarification of her claims.  However, with the state courts having rendered a final judgment that resolved the division of ownership dispute between McKenzie and her siblings, this court is not persuaded that as a "practical matter," disposition of the instant action will impair the interests of McKenzie's siblings, or subject EOG to a "substantial" risk of double exposure were it to pay McKenzie and her siblings in accordance with the division of interests finally recognized in *Osborne, supra*.  *See* Fed.R.Civ.P. 19(a)(B)(ii) and discussion, *infra*.  Furthermore, there is no indication that joinder of the Osborne siblings would destroy subject matter jurisdiction – a prerequisite to a dismissal under Rule 19(b).  *August, supra*; *compare McKenzie I* (dismissed for failure to comply with court order to join siblings).

Nonetheless, because EOG has adduced evidence that plaintiff's complaint is broad enough to implicate the ½ interest in land that is disputed between the Osborne heirs and the Ford heirs, the court concludes that all claimant-defendants in that suit are parties to be joined in this matter, if feasible, not only to protect their interests, but also to ensure that EOG is not subject to double, multiple, or inconsistent obligations or judgments.  Fed.R.Civ.P. 19(a); *see Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir. 1970); *Haas v. Jefferson Nat. Bank of Miami Beach*,  442 F.2d 394, 398 (5th Cir. 1971).  Moreover, because, for purposes of diversity

jurisdiction, McKenzie is a citizen of California, EOG is a citizen of Texas (and Delaware),[2] and some of the parties to be joined are citizens of California and Texas, their joinder, whether as plaintiffs or defendants, would destroy subject matter jurisdiction.

When, as here, necessary party(ies) cannot be joined without destroying subject-matter jurisdiction, the court then must determine whether that person(s) is "indispensable," that is, "whether in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed.R.Civ.P. 19(b); *Hood, supra*.[3]  The factors to be considered include,

> (1)     the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2)     the extent to which any prejudice could be lessened or avoided by:
>> (A)     protective provisions in the judgment;
>> (B)     shaping the relief; or
>> (C)     other measures;
>
> (3)     whether a judgment rendered in the person's absence would be adequate; and
>
> (4)     whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

Applying those considerations here, the court is compelled to find that this action cannot proceed in good conscience and equity with only the existing parties.  It is manifest that a potential judgment against EOG in plaintiff's favor necessarily would require a determination regarding the amount of plaintiff's share that would prejudice the interests of the absentee parties who are claiming title to the same share(s).  It is conceivable that this court could limit any judgment in plaintiff's favor based upon the minimum interest that is not subject to any

---

[2]  *See* Notice of Removal [doc. # 1].

[3]  But see below for procedure in removed case.

competing claim by absentee parties.  However, this approach would provide plaintiff but partial relief, when it is clear that she is intent on recovering more than just the amount from her undisputed interests.  Moreover, judgment in the absence of the other parties to the Osborne-Ford dispute would not prove adequate, because the absentees would not necessarily be bound by the judgment, thus exposing EOG to multiple, possibly inconsistent, obligations.

Finally, plaintiff will not be prejudiced by a finding that diversity-destroying, absentee parties are "indispensable," because, rather than dismissal, remand is the appropriate remedy for failure to join an "indispensable" party in a removed case.  *See* 28 U.S.C. § 1447; *In re: Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 646 (5th Cir. 1978) (citations omitted); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").[4]

For the foregoing reasons,

IT IS RECOMMENDED that the Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19 [doc. # 33] filed by defendant, EOG Resources, Inc. be DENIED, and, instead, that this matter be REMANDED to the Superior Court for the County of San Bernardino, State of California, for lack of subject matter jurisdiction.[5]

---

[4] The result in this case is not inconsistent with the court's disposition of *McKenzie I*.  In the earlier case, it was not apparent that joinder of McKenzie's siblings would destroy subject matter jurisdiction.  Moreover, the court dismissed that case because plaintiff failed to comply with a court order, i.e., dismissal was pursuant to Rule 41(b).

[5] A transferee court has authority to remand a case across district lines to the state court whence it was removed.  *South Louisiana Ethanol, L.L.C. v. Southern Scrap Material Co., L.L.C.*, 2011 WL 5196540, *3 (M.D. La. Sept. 26, 2011) (and cases cited therein).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 15th day of March 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE